**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:12-cr-148-J-99TJC-JBT

RODNEY HYDEN

**ORDER**

This cause is before the Court on Defendant Rodney Hyden's Post-Trial Rule 29 Motion, as to Quantity Only ("Motion") (Doc. 103). Defendant contends that the evidence presented during trial was insufficient to prove beyond a reasonable doubt that he attempted to possess with intent to distribute 5 kilograms or more of cocaine. (Id. at 7.) The government opposes the Motion, contending that the evidence was sufficient to support the verdict. (Doc. 105.) Upon review of the Motion, the government's memorandum in opposition, and the record[1] of the case, the Motion is due to be denied.

**I. Legal Standard**

When considering a Rule 29(c) motion, the Court applies the same standard used to review the sufficiency of the evidence to sustain a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict. United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999). "Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury[,]" United

---

[1] The Court also received Defendant's Notice of Supplemental Authority (Doc. 109) and reviewed the pertinent case, but finds it inapposite to the resolution of the Motion.

States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999) (alteration in original) (internal quotation marks omitted), and the Court cannot set aside the jury's verdict unless it is convinced that no reasonable jury could find proof beyond a reasonable doubt. United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Harris, 20 F.3d 445, 452 (11th Cir. 1994) (citation omitted).

## II. Application

Following a four day trial, a jury found Defendant guilty of attempting to possess with the intent to distribute 5 kilograms or more of cocaine. (Doc. 97.) Defendant then filed the instant Motion, in which he contends the evidence was insufficient to support the jury's verdict because

> Hyden did not know: 1) whether there really was cocaine buried in Culebra; 2) if there was, how much was there; and 3) if there was, whether it was good anymore after being buried in the ground for a long time. The only thing he had to go on was what Julian Howell told him.
> Howell told him that the bale he found on the beach, packaging and all, weighed 70 pounds, based on his unsophisticated weighing method. 70 pounds equals 31.75 kilograms. Hyden could only speculate about the quantity of the actual cocaine.

(Doc. 103 at 3 (internal citations omitted).)

The Indictment charges that Defendant attempted to possess with the intent to distribute 5 kilograms or more of cocaine on or about August 10, 2012. (Doc. 31.) The relevant inquiry is therefore the amount of cocaine Defendant attempted to possess with the

2

intent to distribute on that date.

Several witnesses testified at trial, including Julian Howell, Defendant's neighbor who found and buried the cocaine in Puerto Rico; Andrew Culpepper, Defendant's "nephew" who traveled with Defendant to Puerto Rico twice in search of the buried cocaine; Daniel Jimenez, a former drug dealer working as a confidential informant for the Alachua County Sheriff's Office, who helped Defendant plan the distribution and find others willing to distribute the cocaine once it was imported into Florida; Special Agent Marco Rocco who, posing as drug dealer "Carlos," met with Defendant alone on multiple occasions and on one occasion with Defendant and another Special Agent posing as the pilot who would fly the cocaine into the United States; and Defendant himself, among others.

The evidence at trial included: Julian Howell's testimony that he had found an estimated seventy pounds, or approximately 31.75 kilograms, of cocaine on the beach in Puerto Rico, which he then buried; recorded conversations between Defendant and "Carlos" featuring negotiations for Carlos' "fee" of 8 kilograms of cocaine regardless of how much cocaine was actually unearthed and imported; Defendant's estimates that there were as many as thirty-two bricks of cocaine, but "realistically, probably twenty to eighteen" (doc. 103 at 4, 6); testimony that Defendant drove from Gainesville to St. Augustine on August 10, 2012, arrived at the agreed-upon meeting place at the agreed-upon time and met Carlos, who gave Defendant keys to a car from which Defendant was expecting to retrieve a duffel bag containing 18 kilograms of cocaine; and testimony that Defendant retrieved the duffel bag, which contained 5 kilograms of actual cocaine and an additional thirteen kilograms of

"sham" cocaine, and placed it into his own vehicle before he was taken into custody.[2] Accordingly, from all the evidence, the jury could reasonably infer that the amount of cocaine Defendant attempted to possess with the intent to distribute was 5 kilograms or more.

Because the Court cannot say that no jury, acting reasonably, could have found beyond a reasonable doubt that Defendant was guilty of attempting to possess with the intent to distribute 5 kilograms or more of cocaine, deference to the jury's verdict is required and the Motion must be denied.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Post-Trial Rule 29 Motion, as to Quantity Only (Doc. 103) is **DENIED**.

2. A separate Notice of Scheduling Sentencing Hearing will henceforth issue.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of December, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] The crucial analysis for determining whether there was sufficient evidence to support the jury's verdict that Defendant attempted to possess with intent to distribute 5 kilograms or more is the amount of cocaine he <u>attempted</u> to possess – here, 18 kilograms. Moreover, the fact that the duffel bag contained 13 kilograms of sham cocaine is irrelevant since there were 5 kilograms of actual cocaine in the bag, and that alone was sufficient to satisfy the charged offense and support the jury's verdict.

[3] As discussed at footnote 2 of the government's response (Doc. 105), Defendant may arrange with the government to make a safety-valve proffer before sentencing.

4

ab.
Copies:

Assistant United States Attorney (Duva)
Mark Rosenblum, Esq.